UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN BOSWELL, JR., | Civil No. 08-1103 (RHK/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden JESSICA SYMMES, | |
| Respondent. | |

Calvin Boswell, Minnesota Correctional Facility - Oak Park Heights, 5329 Osgood Avenue, Stillwater, Minnesota, 55082, Petitioner, pro se.

Peter R. Marker, Assistant Minnesota Attorney General, 445 Minnesota Street, Suite 900, St. Paul, Minnesota, 55101, and Michael K. Walz, Assistant Hennepin County Attorney, 300 South 6th Street, Suite A-2000, Minneapolis, Minnesota, 55487, for Respondent.

FRANKLIN L. NOEL, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of Minnesota prison inmate Calvin Boswell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed a response, (Docket Nos. 10-18), contending that the petition should be denied.  The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be DENIED, and that this action be DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

On November 10, 2004, a man named Cesar Cano was shot to death while he was sitting in the driver's seat of his car at a stoplight in Hennepin County, Minnesota.  The

shooter had approached the car on foot, and fired a gun through a closed window. A passenger in the car was slightly injured during the incident. There also were other passengers in the victim's car, and some friends or acquaintances of the victim were in a nearby car at the time of the shooting. All of those individuals were able to provide information to the police. Based on that information, the police quickly determined that Petitioner was a prime suspect.

The police went to Petitioner's mother's house to look for Petitioner. His mother refused to allow the police into her home, but she did give them permission to look for her son in a common area in the basement of the building. Petitioner was not there, but he was later apprehended at his father's home. The police then returned to the basement of Petitioner's mother's home, where they found a handgun and a jacket. Petitioner was subsequently indicted by a grand jury on multiple charges of murder and assault.

Petitioner filed a pre-trial motion to suppress the evidence found in the basement of his mother's home, claiming that the evidence was obtained in violation of his rights under the Fourth Amendment. The trial court denied Petitioner's suppression motion, and the case was scheduled for trial. Before the trial began, Petitioner waived his right to be tried by a jury, and agreed to let the trial court judge determine his guilt or innocence, based on a stipulated set of evidence. That evidence included police reports about the shooting, and grand jury testimony from several of the eyewitnesses to the shooting.

After considering the stipulated evidence, the trial judge found Petitioner guilty of second degree intentional murder and second degree assault. Petitioner was sentenced to 360 months in prison for his murder conviction, plus a consecutive 60-month term for his assault conviction, (which was stayed). He is presently serving his sentence at the

Minnesota Correctional Facility at Oak Park Heights, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal claiming that (1) the police violated his Fourth Amendment rights when they searched the basement of his mother's home, (2) there was insufficient evidence to support his conviction, and (3) he did not give a valid waiver of his constitutional right to have a jury determine the factors that affected his sentence. The Minnesota Court of Appeals rejected all three of Petitioner's claims on the merits, and the Minnesota Supreme Court denied his subsequent petition for further review. State v. Boswell, No. A05-2377 (Minn.App. 2007), 2007 WL 509388 (unpublished opinion), rev. denied, April 25, 2007.

Petitioner then filed his current habeas corpus petition, which raises the same three claims that were presented to the Minnesota Court of Appeals: (1) that Petitioner's Fourth Amendment rights were violated, (2) that there was insufficient evidence, and (3) that Petitioner did not waive his right to a jury determination of sentencing factors. The Court finds that Petitioner cannot be granted a writ of habeas corpus on any of these claims.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act, ("AEDPA"), prescribes the standards that govern this Court's review of Petitioner's habeas corpus claims. The relevant portion of AEDPA, 28 U.S.C. § 2254(d), provides that:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Supreme Court recognized that

> "a state-court decision can be 'contrary to' this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours."

Id. at 405.

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

Id. at 413.

The Court also explained that

> "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.... [¶] [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

Id. at 409, 411 (emphasis added).

A writ of habeas corpus may also be available where the state courts' resolution of a prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In other

4

words, habeas relief can be granted if the conviction is based on findings of fact that could not reasonably be derived from the state court evidentiary record. When reviewing a state court decision, however, "a federal court... presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000). See also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

Needless to say, a federal district court is not allowed to conduct its own de novo review of a prisoner's constitutional claims. Habeas relief cannot be granted unless the prisoner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in Williams.

## III. DISCUSSION

### A. Fourth Amendment Claim

Petitioner initially contends that he should be granted a writ of habeas corpus because the police conducted an illegal search and seizure in the basement of his mother's home. He claims that he lived with his mother, that he had a "reasonable expectation of privacy" in the basement that was searched, and that his Fourth Amendment rights were violated when the police searched the basement without a valid warrant. (Petition, [Docket No. 1], p. (5), ¶ 12.A.) Petitioner presumably believes that the evidence obtained as a

result of the allegedly illegal search, (i.e., the gun and the jacket), should have been suppressed, and that if that evidence had been suppressed, he would not have been convicted.

Petitioner's Fourth Amendment claim is barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482.[1]

"[A] Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994), cert. denied, 514 U.S. 1052 (1995). See also, Poole v. Wood, 45 F.3d 246, 249 (8th Cir. 1995), cert. denied, 515 U.S. 1134 (1995).

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the state courts' application of Fourth Amendment law. Willett, 37 F.3d at 1272. To the contrary, federal courts "are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation." Id. at 1273 (emphasis in the original).

---

[1] Respondent's answer to the current petition does not rely on Stone v. Powell, but that does not preclude the Court from applying the ruling of that case, sua sponte. Woolery v. Arave, 8 F.3d 1325, 1326 (9th Cir. 1993), cert. denied, 511 U.S. 1057 (1994); Davis v. Blackburn, 803 F.2d 1371, 1372-73 (5th Cir. 1986) (per curiam).

The Court finds that the rule of Stone v. Powell is clearly applicable here. The record shows that Petitioner had ample opportunities to present his Fourth Amendment claim in his state court proceedings. The trial court apparently conducted an evidentiary hearing on Petitioner's Fourth Amendment claim, and provided a reasoned explanation for rejecting that claim. The Minnesota Court of Appeals also reviewed Petitioner's search and seizure claim, and carefully explained why the claim was properly rejected by the trial court. Boswell, 2007 WL 509388 at *1-2. Petitioner had yet another opportunity to present his Fourth Amendment claim in his petition for further review in the Minnesota Supreme Court.

The Eighth Circuit Court of Appeals has previously determined that Minnesota law provides adequate opportunities for a Minnesota state criminal defendant to raise Fourth Amendment challenges. Poole, 45 F.3d at 249. In this case, Petitioner not only had an opportunity to present his Fourth Amendment claim in the state courts, his claim actually was raised, considered, discussed and adjudicated on the merits, in both the trial court, and in the Minnesota Court of Appeals. Petitioner does not deny that those proceedings occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claim. He obviously disagrees with the outcome of the state court proceedings, but he may not "relitigate" his Fourth Amendment claim on the merits in a federal habeas corpus proceeding. Id.

Thus, the resolution of Petitioner's current Fourth Amendment "illegal search and seizure" claim is simple and straightforward. Because Petitioner received a full and fair opportunity to present his claim in the Minnesota state courts, federal habeas review of that claim is barred by Stone v. Powell.

B. Insufficiency of the Evidence Claim

At Ground Two of the current habeas corpus petition, Petitioner claims that there was insufficient evidence to support his conviction. He contends that there was not enough evidence to prove, beyond a reasonable doubt, that he was the person who fired a gun into the victim's car.

When a convicted criminal defendant raises an "insufficiency of the evidence" claim, the reviewing court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Minnesota Court of Appeals dutifully applied this standard of review to Petitioner's insufficiency of the evidence claim on direct appeal, and Petitioner has not suggested that the State Court misunderstood or misstated the applicable legal standard in any way.[2]

---

[2] The State Court described the standard of review for Petitioner's insufficiency of the evidence claim as follows:

> "When the sufficiency of the evidence is challenged, this court's review is 'limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient' to support the verdict. State v. Webb, 440 N.W.2d 426, 430 (Minn.1989). This court assumes that the fact-finder, which has the exclusive function of judging credibility, believed the state's witnesses and disbelieved contrary evidence. Dale v. State, 535 N.W.2d 619, 623 (Minn.1995). 'We will not disturb the verdict if the [fact-finder], acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt,' could have reasonably concluded that appellant was guilty of the charged offense. State v. Alton, 432 N.W.2d 754, 756 (Minn.1988)."

Boswell, 2007 WL 509388 at *3. This explanation of the applicable standard of review is fully consistent with Jackson.

After setting forth the applicable standard of review, the Minnesota Court of Appeals explained why the record in this case includes sufficient evidence to support Petitioner's conviction for second degree murder. The Court identified several specific pieces of evidence that supported the trial court's determination that Petitioner was the person who fired a gun into the victim's car and killed him. The incriminating evidence cited by the Court of Appeals included the following:

(1) Five eyewitnesses who were in or near the victim's car saw the shooter run away from the car immediately after the shooting. All five of those witnesses later picked out Petitioner in a police photo line-up, and identified him as the person who ran away after the shooting. Boswell, 2007 WL 509388 at *3.

(2) One of the eyewitnesses in the victim's car knew Petitioner before the shooting, because they were former friends. He testified that he saw Petitioner running away from the car with a gun. Id.

(3) A bystander heard the gunshots, and saw a man wearing a distinctive black and cream colored jacket running away from the victim's car. That witness later identified the jacket seized from Petitioner's mother's basement as the jacket that had been worn by the person who was running away from the scene of the crime. Id.

(4) Bullet casings from a 9mm gun were found at the scene of the crime, and those casings were matched to the gun found in Petitioner's mother's basement. Id.

The Court also notes that there appears to be no evidence suggesting that anyone other than Petitioner could have shot and killed the victim. Petitioner has not cited any alibi evidence, or any other exculpatory evidence. Thus, it is hardly surprising that the Minnesota Court of Appeals concluded, (in what seems to be very modest

understatement), that "[g]iven all of the evidence pointing to [Petitioner's] guilt, the district court could have reasonably concluded that appellant was guilty of the charged offenses." Id.

Petitioner has failed to explain how the State Court's disposition of his insufficiency of the evidence claim is contrary to, or involved an objectively unreasonable application of, any United States Supreme Court precedent. Nor has Petitioner shown that the State Court's resolution of his claim reflects an unreasonable interpretation of the evidence. Indeed, it is clear that the Minnesota Court of Appeals used the correct legal standard for reviewing an insufficiency of the evidence claim, and applied the apposite standard of review in a reasonable manner. Therefore, Petitioner cannot be granted a writ of habeas corpus on his insufficiency of the evidence claim.

C. Sentencing Claim

Finally, Petitioner challenges the enhanced sentence that he received in this case. Petitioner's sentence exceeded the standard term prescribed by the Minnesota Sentencing Guidelines, because the trial court judge determined that Petitioner's crime involved several aggravating factors – namely, "[1] there were multiple victims, [2] he used a gun, and [3] there were other people in the zone of danger." Id., at *4.

Petitioner had a constitutional right to a have jury, rather than the trial judge, decide whether the aggravating sentencing factors were proven by the evidence. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). In this case, however, Petitioner waived his right to a jury determination of the aggravating factors that affected his sentence. He now claims that his waiver was invalid.

The Minnesota Court of Appeals rejected Petitioner's invalid waiver claim, based on the following reasoning:

> "[Petitioner] signed a waiver that stated: 'Having been advised by the Court of my right to trial by jury as to the sentencing phase departures, and having had an opportunity to consult with counsel, I, with the approval of this Court, waive my right to trial by a jury as to my sentencing departures.' [Petitioner's] attorney also obtained an oral waiver on the record. [Petitioner] agreed that he would be sentenced to 360 months in prison for the second-degree murder, and 60 months stayed for the second-degree assault. [Petitioner] indicated that he understood that both sentences constituted upward departures because there were multiple victims, he used a gun, and there were other people in the zone of danger. [Petitioner] also indicated that he understood that he could have a jury hear evidence and determine the existence of aggravating factors. [Petitioner's] attorney explained the holding in Blakely and stated that 'if there is going to be anything other than a straight guidelines sentence, you'd have the right to have a jury make that determination.... You understand that [you would] be waiving your right to have a jury determine your sentence and you would be allowing the Judge to make that determination....' The district court also explained to [Petitioner] that he had a right to have a jury determine if his sentence should depart from the sentencing guidelines. The district court explained that a separate trial would be conducted after the regular trial, but that he could waive his right to have a jury determine the existence of aggravating factors."

Boswell, 2007 WL 509388 at *4. Based on this reasoning, the Court of Appeals concluded that Petitioner had "validly waived the jury determination and agreed that the district court would determine the existence of aggravating factors." Id.

Petitioner has made no effort to explain why he thinks the State Court's resolution of his invalid waiver claim is contrary to, or involved an objectively unreasonable application of, any United State Supreme Court precedent. In fact, Petitioner has made no effort to identify anything that might possibly be erroneous in the State Court's resolution of his claim.

This Court finds that the Minnesota Court of Appeals' decision on Petitioner's

sentencing claim is fully consistent with applicable federal case law, and fully supported by the state court record. Therefore, Petitioner cannot be granted a writ of habeas corpus on that claim.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254, (Docket No. 1), be DENIED; and

2.  This action be DISMISSED WITH PREJUDICE.

Dated: February 6  , 2009

S/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 23, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.