# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Calvin Boswell, Jr.,                                Civil No. 08-1103 (RHK/FLN)

       Petitioner,                              **ORDER**

v.

Warden Jessica Symmes,

       Respondent.
_____

     Before the Court is Petitioner's Notice of Appeal and Motion for Certificate of Appealability. By way of background, Petitioner was indicted by a grand jury on multiple charges of murder and assault arising out of the November 10, 2004, shooting death of Cesar Cano. Various pretrial motions to suppress evidence were denied.

     Prior to trial, and with the advice of counsel, Petitioner waived his right to be tried by a jury and agreed to submit the matter to the trial court judge based upon a stipulated set of evidence, which included police reports and grand jury testimony of several eyewitnesses to the killing.

     He was found guilty of second-degree intentional murder and assault and was sentenced to 360 months in prison for the murder charge and a consecutive 60-month sentence for the assault.

     His application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was referred to Magistrate Judge Franklin L. Noel for a recommended disposition. Judge Noel, in a thorough and well-reasoned opinion recommended denial of the Petition. No

objections were filed to the Report and Recommendation and it was adopted in its entirety by this Court.

A prisoner who is challenging the legality of his confinement pursuant to a state court order is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a <u>substantial showing</u> of the denial of a <u>constitutional</u> right." 28 U.S.C. § 2253(c)(2) (emphasis added); <u>see also</u>, <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir.), <u>cert. denied</u>, 513 U.S. 946 (1994), <u>citing</u> <u>Lozado v. Deeds</u>, 498 U.S. 430, 432 (1991) (per curiam); <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also <u>Slack v. McDaniel</u>, 529 U.S. 473,

484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983).

In Slack v. McDaniel, supra, the Supreme Court explained how the federal district courts should determine COA eligibility in habeas cases that have been dismissed on procedural grounds, rather than on the merits.

> "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the 'Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of,' Ashwander v. TVA, 297 U.S. 288, 347 ... (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The Ashwander rule should inform the court's discretion in this regard."

529 U.S. at 484-85.

In the present case, the Court finds that Petitioner's COA request can be fully resolved by applying only the second of the two threshold criteria identified by the Supreme Court in Slack – i.e., "whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in Judge Noel's Report and Recommendation. Petitioner has offered no reason to think that any other court – including the Eighth Circuit Court of Appeals –

3

could conclude that this action was not time-barred. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Therefore, Petitioner is not entitled to a COA in this matter.

Based on the foregoing, and upon all the files, records and proceedings herein, **IT IS ORDERED** that the Motion for Certificate of Appealability (Doc. No. 26) is **DENIED**.

Dated: June 25, 2009

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge